UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

2012 JAN -6 PM 1:41

LORETTA G. WHYTE
CLERK

| | | |
|---|---|---|
| ROBERT JOSEPH BICKHAM, | * | |
| | * | |
| Plaintiff, | * | CIVIL ACTION NO. 12-39 |
| | * | |
| VERSUS | * | SECTION " " ( ) |
| | * | |
| UBS FINANCIAL SERVICES INC., | * | JUDGE SECT. L MAG. 3 |
| | * | |
| Defendant. | * | MAGISTRATE JUDGE |

## UNOPPOSED MOTION TO CONFIRM ARBITRATION AWARD

Pursuant to the Federal Arbitration Act, 9 U.S.C. § 9, Plaintiff Robert Joseph Bickham moves to confirm the arbitration award in FINRA Arbitration No. 11-02056, captioned *Robert Joseph Bickham v. UBS Financial Services Inc.* (the "FINRA Award"). Defendant UBS Financial Services Inc. has been served with a copy of this Motion, has no opposition to it, and consents to confirmation of the FINRA Award.

### PARTIES

1.

Plaintiff is a resident if Houston, Texas. Defendant's place of incorporation is Delaware and its principal place of business is New Jersey.

### JURISDICTION

2.

The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 in that the dispute is between citizens of different states and the matter in controversy exceeds the amount of $75,000, exclusive of interest and costs.

Fee 350
Process
X Dktd
CtRmDep
Doc. No.

## VENUE

**3.**

Venue is proper because Plaintiff and Defendant have "agreed that a judgment of [this Court] shall be entered upon the award made pursuant to the arbitration[.]" 9 U.S.C. § 9. Under the Federal Arbitration Act, either Plaintiff or Defendant "may apply to [this Court] for an order confirming the award, and thereupon [this Court] must grant such an order unless the award is vacated, modified, or corrected[.]" *Id.*

## OPERATIVE FACTS

**4.**

Plaintiff is a registered representative of Defendant. He commenced a FINRA arbitration proceeding in 2011 against Defendant, captioned *Robert Joseph Bickham v. UBS Financial Services Inc.*, and numbered FINRA 11-02056. There, Plaintiff sought an order from a FINRA arbitration panel recommending the expungement of all references to a particular customer complaint from Plaintiff's records maintained by FINRA's Central Registration Depository ("CRD"). Defendant, as Plaintiff's FINRA member firm, maintains and updates Plaintiff's registration records with CRD, as required by FINRA rules and guidance.

**5.**

Plaintiff was incorrectly identified in the customer complaint at issue – a FINRA arbitration captioned *Tom Bishop v. UBS Financial Services Inc.*, FINRA No. 09-3723. The *Bishop* Statement of Claim names only UBS as a respondent and broadly contends that unidentified investments made in the claimants' UBS accounts were not suitable for them and/or were made without their informed consent. While not named as a respondent in the *Bishop*

matter, the *Bishop* complaint is identified in the Disclosure Reporting Pages ("DRPs") of Plaintiff's U-4 records maintained with CRD.

6.

It was undisputed during the *Bishop* matter that Plaintiff never directly served as financial advisor to any of the *Bishop* claimants. He further submitted a declaration affirming he has never spoken or met with any of the *Bishop* claimants regarding their overall or specific financial situation or investments. And, with the exception of one *Bishop* claimant (who Plaintiff knew by virtue of her former employment with UBS), Plaintiff does not know any of the *Bishop* claimants, either personally or professionally.

7.

The *Bishop* matter was settled in early 2011. Plaintiff did not agree to the settlement and was not consulted about it. He has not been, and will not be, asked to contribute to it. Rather, UBS alone made the business decision to compromise the *Bishop* claims to avoid costly and time-consuming litigation of disputed claims.

8.

The *Bishop* claimants each acknowledged that Plaintiff did not directly advise them on the purchase or sale of securities or insurance products that they held while with UBS. They also agreed to the filing of a consent motion for expungement of the *Bishop* matter from Plaintiff's CRD records.

9.

FINRA Rule 2080 sets forth three standards for use in determining whether expungement of customer dispute information is appropriate: (A) "the claim, allegation or information is factually impossible or clearly erroneous," (B) "the registered person was not

involved in the alleged investment-related sales practice violation," or (C) "the claim, allegation or information is false."

**10.**

On October 7, 2011, a single-member FINRA Panel recommended the expungement of all reference of the *Bishop* matter from Plaintiff's registration records maintained by FINRA's CRD, finding the claim, allegation or information about Plaintiff in the *Bishop* Statement of Claim was factually impossible or clearly erroneous. The FINRA Award states:

> The Arbitrator recommends the expungement of all references to the above captioned arbitration from Claimant, Robert Joseph Bickham's, registration records maintained by the Central Registration Depository ("CRD"), with the understanding that pursuant to Notice to Members 04-16, Claimant, Robert Joseph Bickham, must obtain confirmation from a court of competent jurisdiction before the CRD will execute the expungement directive. ...
>
> Pursuant to Rule 13805, the Arbitrator has made the following Rule 2080 affirmative finding of fact:
>
> The claim, allegation, or information is factually impossible or clearly erroneous;
>
> The Arbitrator has made the above Rule 2080 finding based on the following reasons:
>
> The Arbitrator finds that Mr. Bickham has never spoken or met with any of the Claimants in the underlying case, FINRA Case No. 09-03723 (*Bishop*), regarding their overall or specific financial situation or investments and that he never served as their invest[ment] representative.
>
> FINRA Award, attached as Exh. A.

**11.**

Pursuant to FINRA Rule 2080, FINRA's CRD will not execute the expungement directive until a court of competent jurisdiction confirms the FINRA Award. Under FINRA Rule 2080(b), FINRA has waived its right to be named as a party to this proceeding. *See* Exh. B.

4

For these reasons, and those provided in the accompanying memorandum, Plaintiff prays that the Court grant his Motion, confirm the FINRA Award pursuant to the Federal Arbitration Act, and direct FINRA's CRD to expunge from Plaintiff's CRD records all reference to the *Bishop* matter in the form of the attached Proposed Judgment.

Respectfully submitted,

/s/ Meredith Cunningham

Meredith Cunningham (#26465) (T.A.)
Of
BARRASSO USDIN KUPPERMAN
 FREEMAN & SARVER, L.L.C.
909 Poydras St., 24th Floor
New Orleans, Louisiana 70112
Telephone: (504) 589-9700
Facsimile: (504) 589-9701
mcunningham@barrassousdin.com

*Attorneys for Plaintiff, Robert Joseph Bickham*

## CERTIFICATE

I hereby certify that on this 6th day of January, 2012, a copy of the foregoing Motion to Confirm Arbitration Award has been served on all counsel of record by electronic mail, the Court's CM/ECF system, and/or placing same in the United States mail, postage prepaid and properly addressed. I further certify that I e-mailed the foregoing document and notice of electronic filing to Defendant, who has agreed to accept service in such manner.

/s/ Meredith Cunningham