# AWARD
## FINRA Dispute Resolution

In the Matter of the Arbitration Between:

**Name of Claimant**

Robert Joseph Bickham

vs.

**Name of Respondent**

UBS Financial Services, Inc.

Case Number: 11-02056
Hearing Site: Houston, Texas

## NATURE OF THE DISPUTE

Associated Person vs. Member

## REPRESENTATION OF PARTIES

Robert Joseph Bickham ("Claimant" or "Bickham") was represented by Merredith A. Cunningham, Esq., Barrasso Usdin Kupperman Freeman & Sarve, New Orleans, Louisiana.

UBS Financial Services, Inc. ("Respondent" or "UBS") was represented by Daniel Rosenbaum, Esq., UBS Financial Services, Inc., Weehawken, New Jersey.

## CASE INFORMATION

The Statement of Claim was filed on or about May 20, 2011. The Submission Agreement of Claimant, Robert Joseph Bickham, was signed on or about May 20, 2011.

The Statement of Answer was filed by Respondent, UBS Financial Services, Inc., on or about June 1, 2011. The Submission Agreement of Respondent, UBS Financial Services, Inc., was signed on or about June 1, 2011.

## CASE SUMMARY

Claimant asserted the following cause of action: expungement. Claimant alleged that in an underlying claim, FINRA Case No. 09-03723 (*Bishop*), UBS was the sole named Respondent and Mr. Bickham was one of three UBS registered representatives indentified as financial advisors in the Statement of Claim. Bickham alleged that he was incorrectly identified in the *Bishop* Statement of Claim and it was undisputed during the *Bishop* matter that Bickham never directly served as financial advisor to any of the *Bishop* claimants.


EXHIBIT A


FINRA Dispute Resolution
Arbitration No. 11-02055
Award    Page 2 of 4

Bickham is requesting that all references to the underlying claim, *Bishop*, be expunged from his records maintained by the Central Registration Depository ("CRD").

Respondent stated that the facts alleged in the Statement of Claim are consistent with the underlying *Bishop* matter and the claimants' and UBS' positions taken in that matter. Respondent admits the allegations in paragraphs in I-XIII of Claimant's Statement of Claim.

### RELIEF REQUESTED

Claimant requested an award in the amount of:

    Actual/Compensatory Damages        Unspecified
    Expungement

### OTHER ISSUES CONSIDERED & DECIDED

The Arbitrator acknowledges that he has read the pleadings and other materials filed by the parties.

A telephonic hearing, which was recorded, was held on October 5, 2011 for the Claimant's request for expungement. The Arbitrator reviewed the Settlement Agreement in the underlying case, FINRA Case No. 09-03723 (*Bishop*). Respondent UBS has no objection to and supports this expungement request.

### AWARD

After considering the pleadings, the testimony, and the evidence presented at the telephonic hearing, the Arbitrator has decided in full and final resolution of the issues submitted for determination as follows:

1.) The Arbitrator recommends the expungement of all references to the above captioned arbitration from Claimant, Robert Joseph Bickham's, registration records maintained by the Central Registration Depository ("CRD"), with the understanding that pursuant to Notice to Members 04-16, Claimant, Robert Joseph Bickham, must obtain confirmation from a court of competent jurisdiction before the CRD will execute the expungement directive.

Unless specifically waived in writing by FINRA, parties seeking judicial confirmation of an arbitration award containing expungement relief must name FINRA as an additional party and serve FINRA with all appropriate documents.

FINRA Dispute Resolution
Arbitration No. 11-02056
Award    Page 3 of 4

Pursuant to Rule 13805, the Arbitrator has made the following Rule 2080 affirmative finding of fact:

The claim, allegation, or information is factually impossible or clearly erroneous;

The Arbitrator has made the above Rule 2080 finding based on the following reasons:

The Arbitrator finds that Mr. Bickham has never spoken or met with any of the Claimants in the underlying case, FINRA Case No. 09-03723 (*Bishop*), regarding their overall or specific financial situation or investments and that he never served as their invest representative.

2.) Other than Forum Fees which are specified below, the parties shall each bear their own costs and expenses incurred in this matter; and

3.) Any relief not specifically enumerated is hereby denied with prejudice.

## FEES

Pursuant to the Code, the following fees are assessed:

### Filing Fees

FINRA Dispute Resolution will retain the non-refundable filing fee* for each claim:

Initial Claim filing fee                                                              = $ 1,250.00

*The filing fee is made up of a non-refundable and a refundable portion.*

### Member Fees

Member fees are assessed to each member firm that is a party in these proceedings or to the member firm that employed the associated person at the time of the events giving rise to the dispute. Accordingly, as a party, UBS Financial Services, Inc. is assessed the following:

| | |
|---|---|
| Member surcharge | = $ 1,500.00 |
| Pre-hearing process fee | = $   750.00 |
| Hearing process fee | = $ 2,200.00 |

FINRA Dispute Resolution
Arbitration No. 11-02056
Award   Page 4 of 4

## Hearing Session Fees and Assessments

The Arbitrator has assessed hearing session fees for each hearing session conducted. A session is any meeting between the parties and the arbitrator, including a pre-hearing conference with the arbitrator, that lasts four (4) hours or less. Fees associated with these proceedings are:

| | | |
|---|---|---|
| One (1) Pre-hearing session with a single arbitrator x $450.00 | = $ | 450.00 |
| Pre-hearing conference:   October 3, 2011   1 session | | |
| One (1) Hearing session for expungement x $450.00 | = $ | 450.00 |
| Hearing Date:   October 5, 2011   1 session | | |
| **Total Hearing Session Fees** | = $ | 900.00 |

The Arbitrator has assessed $900.00 of the hearing session fees to Robert Joseph Bickham.

All balances are payable to FINRA Dispute Resolution and are due upon receipt.

### ARBITRATOR

David G. Beerbower - Public Arbitrator, Presiding Chair

I, the undersigned Arbitrator, do hereby affirm that I am the individual described herein and who executed this instrument which is my award.

Arbitrator's Signature:

/s/ David G. Beerbower                           October 6, 2011
David G. Beerbower                                Signature Date
Public Arbitrator, Presiding Chair


October 7, 2011
Date of Service  (For FINRA office use only)

FINRA Dispute Resolution
Arbitration No. 11-02056
Award    Page 4 of 4

### Hearing Session Fees and Assessments

The Arbitrator has assessed hearing session fees for each hearing session conducted. A session is any meeting between the parties and the arbitrator, including a pre-hearing conference with the arbitrator, that lasts four (4) hours or less. Fees associated with these proceedings are:

| | | |
|---|---|---|
| One (1) Pre-hearing session with a single arbitrator x $450.00 | = $ | 450.00 |
| Pre-hearing conference: October 3, 2011  1 session | | |
| One (1) Hearing session for expungement x $450.00 | = $ | 450.00 |
| Hearing Date: October 5, 2011  1 session | | |
| **Total Hearing Session Fees** | **= $** | **900.00** |

The Arbitrator has assessed $900.00 of the hearing session fees to Robert Joseph Bickham.

All balances are payable to FINRA Dispute Resolution and are due upon receipt.

### ARBITRATOR

David G. Beerbower - Public Arbitrator, Presiding Chair

I, the undersigned Arbitrator, do hereby affirm that I am the individual described herein and who executed this instrument which is my award.

Arbitrator's Signature:

David G. Beerbower
Public Arbitrator, Presiding Chair

10-06-2011
Signature Date

Date of Service  (For FINRA office use only)



Financial Industry Regulatory Authority

December 8, 2011

Meredith A. Cunningham
Barrasso, Usdin, Kupperman, Freeman & Sarver, LLC
909 Poydras Street, 24th FL
New Orleans, LA 70112

Re: Robert J. Bickman, CRD # 1270395
    FINRA Arbitration No.:11-02056
    Robert Joseph Bickham v. UBS Financial Services, Inc.

Dear Ms. Cunningham:

FINRA has reviewed, and determined to grant, your request for a waiver of the obligation under FINRA Rule 2080[1] to name FINRA as a party in any action to confirm the award issued in the above-captioned proceeding. The award directs the expungement of customer dispute information from the Central Registration Depository (CRD®). FINRA notes that the arbitration award reflects compliance with FINRA's Code of Arbitration Procedure for Customer Disputes § 12805 or Code of Arbitration Procedure for Industry Disputes § 13805. In addition, it includes an affirmative finding that the expungement directive is based on one or more standards enumerated in FINRA Rule 2080. Specifically, the expungement directive is based on one or more of the following affirmative arbitral finding(s):

__X__   the claim, allegation, or information is factually impossible or clearly erroneous

_____   the above-named individual was not involved in the alleged investment-related sales practice violation, forgery, theft, misappropriation, or conversion of funds

_____   the claim, allegation, or information is false

Therefore, you are not required to name FINRA as a party in the judicial proceeding to confirm the arbitration award.

If you have any questions, please contact me at 240-386-4788.

Sincerely,

Karen Weinstein, Analyst
FINRA
Registration and Disclosure
Regulatory Review and Disclosure



---

[1] Formerly NASD Rule 2130

Investor protection. Market integrity.    9509 Key West Avenue    t 301 590 6500
Rockville, MD    www.finra.org
20850